COPY
ORIGINAL FILED
AUG 19 2021
Scott G. Weber, Clerk, Clark Co.

1

2

3

4

5

6

7    SUPERIOR COURT FOR THE STATE OF WASHINGTON
     IN AND FOR COUNTY OF CLARK

8    JEFFREY BETHUNE                    NO. 21  2  01573  06

9                        Plaintiff,     COMPLAINT FOR DAMAGES,
                                        DECLARATORY RELIEF
10   v.                                 42 USC §1981, 1983, 1985, 1986 &
                                        1988
11   The City of Washougal; a political
     subdivision of the State of Washington,
12   Chief of police Wendi Steinbronn in her   [JURY TRIAL DEMANDED]
     individual and official capacity, Officer
13   Francis Reagan individually and in his
     official capacity as   Police Officer for
     City of Washougal
14
                        Defendants.
15

16

17   Plaintiff JEFFREY BETHUNE, by and through his attorneys Josephine C. Townsend   ,

18   hereby requests a trial by jury and alleges:

19                         I.   PARTIES

20   1.      JEFFREY BETHUNE was and is, at all times material hereto, an individual

21   residing in Clark County, Washington

22

23
     COMPLAINT - 1                              Josephine C. Townsend
                                                211 E. 11th Street Suite 104
                                                Vancouver WA 98660
                                                360-694-7601 ph • 360-694-7602
                                                WSBA #31965

1    2.      Defendants City of Washougal is a municipal corporations and at all times the

2    employer of individual defendants.  On information and belief, the City of Washougal

3    and Chief Wendi Steinbronn share management, policy making, training, oversight and

4    other responsibilities for the Officer Francis Reagan.

5    3.      Defendant Wendi Steinbronn was at all times material hereto the Chief of Police

6    for Washougal Police Department. Chief Steinbronn supervised criminal prosecution

7    matters for the Washougal Police Department and was a policy maker for the Washougal

8    Police Department.  Wendi Steinbronn is being sued individually and in her official

9    capacity.

10    4.      Defendant FRANCIS REAGAN was at all times material hereto a police officer

11    for the Washougal Police Department and responsible for the criminal investigation of

12    Plaintiff.   Francis Reagan is being sued individually and in his official capacity.

13    5.      Each and all of the acts of the individual defendants alleged herein were done by

14    the individual defendants under color of law, to wit, under the color and pretense of

15    statutes, ordinances, regulations, customs, policies and usages of the State of Washington,

16    the City of Washougal, Washington, and the County of Clark.

17    6.      At all times herein relevant, the individual defendants were acting within the

18    scope of their employment.

19    7.    At all times relevant, the City of Washougal its agents, officers and employees,

20    including Wendi Steinbronn and Francis Reagan, acted jointly and in concert with the

21    other Defendants   to pursue the investigation and prosecution of charges brought against

22    Plaintiff for alleged crimes and offenses of a theft of a firearm.

23

COMPLAINT - 2

## II. JURISDICTION AND VENUE

8.      Defendants are individuals and/or political subdivisions of the state of Washington. All of the unlawful acts and practices occurred in Clark County, Washington.  Subject matter jurisdiction, personal jurisdiction, and venue are properly before this Court.

9.      The acts and constitutional violations alleged herein were committed within Clark County, Washington.

10.     This action arises under the United States Constitution, particularly under the provisions of the First, Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, §§ 1981, 1983,1985, 1986 and 1988.

11.     This Court has jurisdiction of this case under and by virtue of Title 28 of the United States Code, §§1331, 1342(4) and 1343.

### III. COMPLIANCE WITH RCW 4.96

12.     Plaintiff delivered Tort Claim notices to City of Washougal at least 60 days in advance of this filing of the complaint.  Plaintiff intends to add pendent state claims at such time as allowed under RCW chapter 4.96.

### IV. INTRODUCTION

13.     This is an action for declaratory relief and money damages to redress the deprivation by defendants, acting under color of statute, ordinance, regulation, custom and/or usage, of rights, privileges or immunities secured to plaintiff  by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America with

COMPLAINT - 3

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

1  intent to deny plaintiff his civil rights, all of which arise under State and Federal Law, in

2  violation of Title 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, and the Constitutions,

3  laws and statutes of the United States and the State of Washington.

4  V. FACTS

5  14.     On October 20, 2019, Plaintiff was arrested by Officer Francis Reagan and

6  charged by the Washougal Police Department of three counts of theft of a firearm.

7  15.     Plaintiff's name was entered into the court system as a defendant on October 20,

8  2019, and his charges became public record.

9  16.     Officer Reagan failed to conduct collateral interviews and failed to follow the

10  basic investigation Protocols before placing these charges against the Plaintiff.

11  17.     Prosecutors in the Clark County Prosecutor's office dismissed the charges which

12  were lodged against Plaintiff on January 9, 2020.

13  18.     Defendant Francis Reagan falsely wrote and issued defamatory statements

14  regarding the Plaintiff which left false impressions regarding his reputation and harmed

15  his liberty interests.

16

17
VI. FIRST CLAIM FOR RELIEF<br>Denial of Civil Rights Pursuant to 42 U.S.C. § 1983
18

19  19.     Plaintiff re-alleges and incorporates each and every allegation contained in

20  paragraphs "1" through "18".

21  20.     As the result of the actions of the defendants as described herein, Plaintiff was

22  subjected to the deprivation of rights, privileges and/or immunities secured by the United

23  COMPLAINT - 4

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

States Constitution and laws of this State and the United States and has been damaged thereby.  Plaintiff's rights, privileges and immunities deprived by defendants include, but are not limited to:

      (a) Right to due process of law;

      (b) Right to freedom from unlawful search and seizure;

      (c) Right to equal protection under the laws;

      (d) Right to freedom from false arrest;

      (e) Right to freedom from unlawful imprisonment; and

      (f) Right to freedom from malicious abuse of process.

21.    As a direct result of the actions of defendants described herein, Plaintiff suffered damages including but not limited to loss of income and earnings, loss of earning capacity, mental suffering, damage to his relationship with his children, embarrassment, humiliation, loss of enjoyment of life, fear, expenses for legal fees and costs and other out-of-pocket expenses.

22.    Plaintiff is entitled to recover from each defendant, jointly and severally, for his damages, reasonable costs and attorney fees.

## VII. SECOND CLAIM FOR RELIEF
### Unconstitutional Custom, Practice or Policy (Municipal Liability under *Monell*)

23.    Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs "1" through "22".

24.    Upon information and belief,  the City of Washougal and their policy makers condoned, permitted, encouraged and/or ratified a departmental policy, practice and/or

COMPLAINT - 5

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

1  custom permitting police officers and the City of Washougal to unlawfully arrest and

2  detain citizens without probable cause, and unlawfully commence and maintain criminal

3  prosecutions against citizens.

4  25.    Defendants acted with deliberate indifference to the rights of citizens with whom

5  municipal employees were known to come into contact by failing to investigate and act

6  upon allegations of citizens charged by the Washougal Police Department of filing false

7  or unsubstantiated charges, commencing and maintaining criminal prosecutions against

8  citizens without probable cause.

9  26.    Pursuant to policy or custom, City of Washougal, Wendi Steinbronn and Francis

10  Reagan ratified or tacitly authorized the unconstitutional actions of the employees of the

11  City of Washougal.

12  27.    As a result of the deliberate indifference toward his constitutional rights and as a

13  result of the customs and practices described herein, Plaintiff suffered the constitutional

14  deprivations and damages described above and is entitled to recover from each defendant,

15  jointly and severally, for his damages, reasonable costs and attorney fees.

16                        VIII. THIRD CLAIM FOR RELIEF
17                  Failure to Train (Municipal Liability under *Monell*)

18  28.    Plaintiff re-alleges and incorporates each and every allegation contained in

19  paragraphs "1" through "27".

20  29.    Upon information and belief, City of Washougal, Wendi Steinbronn and Francis

21  Reagan are responsible for establishing, instituting and enforcing the policies, ordinances,

22

23  COMPLAINT - 6

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

1  regulations, customs and practices of   the City of Washougal insofar as relates to their

2  individual responsibilities in the police department.

3  30.      The actions of the defendants as above alleged, include but are not

4  limited to:

5          (a) arresting (or causing to be arrested) citizens without probable cause to believe

6          that a crime had been committed or that the citizens being arrested had committed

7          any crime;

8          (b) failing to reasonably investigate whether a crime had been committed before

9          arresting and detaining citizens; including failing to investigate exculpatory

10         evidence;

11         (c) using their positions as police officers or prosecutors to intimidate and threaten

12         citizens and using their power to commence criminal actions against citizens in

13         order to attain personal goals and objectives;

14         (d) failing to intervene in the unconstitutional acts of co-employees and

15         subordinates;

16         (e) failing to train and failing to assure compliance with training of employees,

17         co-workers and subordinates in the proper techniques of investigation of charges

18         of sexual conduct with minors and for taking official action such as arrest and

19         prosecution in such cases;

20         (e) assisting and ratifying the unconstitutional acts of co-employees and

21         subordinates described herein.

22

23
COMPLAINT - 7

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

(f) failing to terminate the criminal prosecution of citizens, including plaintiff ,

upon learning facts showing a lack of probable cause to continue the prosecution.

(g) Failed to utilize established protocols in the investigation and corroborating

criminal complaints before arresting alleged defendants.

31.   The above named defendants acted with deliberate indifference to the rights of the citizens to whom its employees were known to come into contact, including the plaintiff, by failing to properly train their employees to avoid improper actions which would likely cause constitutional deprivations.

32.   The above named Defendants acted with deliberate indifference to the constitutional rights of the Plaintiff by maintaining a policy, practice or custom allowing unconstitutional acts and by failing to train their employees with regard to proper and lawful procedures in declaring conflicts of interests, corroborating criminal complaints, making inquiries and arrests of citizens and commencing and maintaining criminal prosecutions against citizens, knowing or having reason to know that the policy, practice or custom and the failure to properly train their employees would result in a deprivation of the constitutional rights of the citizenry.

33.   As a result of the deliberate acts and failures to act, customs and practices of Defendants described herein, Plaintiff suffered the constitutional deprivations and damages described above.

34.   Plaintiff is entitled to recover from each defendant, jointly and severally, for his damages, reasonable costs and attorney fees.

COMPLAINT - 8

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

## IX. FOURTH CLAIM FOR RELIEF
### Failure to Supervise (Municipal Liability under *Monell*)

35.     Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs "1" through "34".

36.     The actions and failures to act of the defendants as described herein included the failure to adequately supervise co-workers and subordinates.

37.     As a result of the deliberate acts and failures to act, failure to supervise, and customs and practices of Defendants described herein, Plaintiff suffered the constitutional deprivations and damages described above.

38.     Plaintiff is entitled to recover from each defendant, jointly and severally, for his damages, reasonable costs and attorney fees.

## X. FIFTH CLAIM FOR RELIEF
### (NEGLIGENCE)

39.     Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs "1" through "38".

40.     The actions and failures to act of the defendants as described herein included negligence in their performance of their official duties;

41.     As a result of the negligent acts and failures to act, of Defendants described herein, Plaintiff suffered the constitutional deprivations and damages described above.

## XI. SIXTH CLAIM FOR RELIEF
### DEFAMATION

COMPLAINT - 9

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

42.     Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs "1" through "41".

43.     Defendant Francis Reagan made false and defamatory statements regarding Plaintiff;

44.     Defendant Francis Reagan knew or should have known that the information contained within his report and probable cause statement were incorrect, false, without corroboration and that such information including the arrest of Plaintiff would cause damage to his reputation;

45.     Defendant Francis Reagan, falsely reported that Plaintiff had committed felony crimes

46.     Plaintiff suffered damages as a result of the libel and slander committed by Defendant Francis Reagan.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

1.      A determination and declaration from the court that the policies and procedures outlined above violated the rights, privileges or immunities secured to plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America and the laws and constitution of the State of Washington, and enjoining and directing defendants to correct their procedures and practices to bring into conformity with generally accepted practices and procedures;

2.      Against each defendant, jointly and severally, for all special, general and compensatory damages on each of Plaintiff's claims in amounts to be proven at trial.

COMPLAINT - 10

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

1  3.      Against the individual defendants and municipal defendants for punitive and

2  exemplary damages, and for attorney fees and costs under the Civil Rights Act, 42 U.S.C.

3  Section 1983 and 1985, et. seq. and 42 U.S.C. Section 1988.

4  4.      For such other and further relief as this court deems just, proper, and equitable.

5

6  Dated this ___18___ day of August 2021

7  Attorneys for Plaintiff:

8                                                    /s/Josephine C. Townsend
                                                     WSBA 31985
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  COMPLAINT - 11

Josephine C. Townsend
211 E. 11th Street Suite 104
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR CLARK COUNTY**

Jeffrey Bethune

              Plaintiff/Petitioner,

   v.

The City of Washougal, et al.

           Defendant/Respondent.

) No. 21-2-01573-06
)
)
) NOTICE OF ASSIGNMENT TO JUDICIAL
) DEPARTMENT AND SETTING SCHEDULING
) CONFERENCE DATE (LR40(C))
)
) Judge: David E. Gregerson
) Department: 2

**Notice to Plaintiff/Petitioner(s):**

- Case filed, then served: Plaintiff(s)/Petitioner(s) shall serve on all parties a copy of this Notice of Assignment to Judicial Department on the Defendant(s)/Respondent(s) along with a copy of the Summons and Complaint.
- Case served, then filed: Plaintiff(s)/Petitioner(s) shall serve on all parties a copy of this Notice of Assignment to Judicial Department within ten (10) days of filing.
- Service by publication pursuant to court order: Plaintiff(s)/Petitioner(s) shall serve on all parties a copy of this Notice of Assignment to Judicial Department within ten (10) days of the Defendant(s)/Respondent(s) first response or appearance.

Failure to appear on the date below may result in dismissal of the case by the Court.

    **Mandatory Scheduling Conference Date:** 12/17/2021     at 9:00 A.M.

    **Joint Status Report Due By:** 12/13/2021     (at least 5 days prior to the
    **Scheduling Conference)**

At the time of the mandatory hearing, the Court will adopt a Case Scheduling Order which will include the trial date.

At least 5 days prior to the Scheduling Conference a Joint Status Report must be filed with a courtesy copy provided to the assigned judicial department in accordance with LR 40(C)(4).

08/23/2021
Date

s/Josephine C. Townsend
Petitioner or Petitioner's Attorney
Address: 211 E. 11th Street, Suite 104, Vancouver, WA 98660
Telephone: (360)694-7601
E-Mail: josie@jctownsend.com

Notice of Assignment to Judicial Department